King, J.,
delivered the opinion of the court.
This is an action to recover damages for the destruction of a flume which constituted a part of an irrigation ditch belonging to the plaintiff, and damage to the ditch as an entirety by reason of the destruction of the flume. The plaintiff had judgment from which the defendant appealed.
The complaint alleged plaintiff’s ownership of the ditch and flume; the construction of the flume and a portion of the ditch over a portion of the defendant’s land with the knowledge and by the consent of the defendant; the destruction of the flume by the defendant, thereby rendering the ditch useless; and prayed for damages in the sum of five hundred dollars on account of the destruction of the flume and. consequent injury to the ditch.
The answer admits plaintiff’s ownership of the ditch and flume and defendant’s consent to have the same built upon his land, but alleges that the ditch was not built in the place nor of the capacity nor for the purpose contemplated when his consent was given; admits that defendant destroyed the flume, but seeks to justify his act by alleging that he elected *26 to treat the plaintiff as a trespasser because he had not built the (ditch as agreed, or understood, and that the plaintiff misrepresented his purpose, and deceived the defendant as to his object in obtaining the right of way.
The case was submitted to a jury which returned a verdict in favor of the plaintiff in the sum of two hundred dollars, upon which judgment was rendered, and from which the defendant appealed.
The evidence shows that the defendant consented to the building of the ditch across his land and does not show any substantial departure from the line agreed upon. It further shows that the defendant knew of the building of the ditch at the place, and of the size, made by the plaintiff, and that he made some suggestions in regard thereto, but interposed no objection. The defendant admits that some weeks after the ditch was built he broke the flume in two, hitched his horses thereto and pulled it off the premises into the public road, from which place the evidence shows it thereafter disappeared, probably by reason of high water in the stream.
The evidence does not sustain the allegations of defendant’s answer as to misrepresentations, deceit or fraud, nor does it justify the defendant in electing to treat the plaintiff as a trespasser, and destroying the flume.
A parol license to do an act on licenser’s land is not revocable, in so far as it has been executed.
Tynon v. Despain, 22 Colo. 240-246; Degraffenreid v. Savage, 9 Colo. App. 131.
There is no doubt of the plaintiff’s right to recover such damages as he suffered by reason of defendant’s destruction of his property.
*27 The only contention made by appellant and covered by his assignments of error, requiring specific mention, is that the rule for the measure of damages laid down by the court in its instruction, namely, ‘ ‘ such immediate and direct damage as the evidence shows him, (plaintiff), to have sustained, both to the flume and to the ditch itself or to any part or portion of said ditch, because of the act and conduct of the defendant in removing the flume,” is erroneous, and that the admission of testimony to show damage to any portion of the ditch aside from the section of the flume removed, is likewise erroneous.
Under ordinary conditions the value of the flume destroyed or the cost of replacing that portion of the flume, would measure the damage to the plaintiff; hut in this ease it satisfactorily appears from the evidence, and the jury must have found, that the defendant removed the flume with the express purpose of permanently revoking the license or consent which he had given for the building of the ditch, and that he did not and would not consent to its reconstruction or re-establishment on his premises, and that without the flume a considerable portion of the ditch would he valueless and no portion of any use to the plaintiff unless connected with the stream by some other means than the flume destroyed, and that portion of the ditch from the flume to the head of the ditch. For that reason the value of the flume destroyed or the cost of replacing it would not be the proper measure of damages; for the plaintiff could not, without inviting further violence, enter upon the defendant’s premises to reconstruct the flume. Nor should the plaintiff he required to insti *28 tute legal proceedings to prevent the defendant from interfering with the reconstruction of the flume.
It appears that the ditch was constructed for the purpose of carrying about six cubic feet of water per second of time through the upper part including the flume, a portion of which water was to be used in operating a turbine wheel by which the remaining portion was to be raised to the lands of the plaintiff, for irrigation, and that the destruction of the upper portion of the ditch rendered impossible, or at least impracticable, the carrying out of this plan.
It is not shown that plaintiff by reasonable effort on his part could have materially reduced the loss sustained by the acts of the defendant. The burden of proof in that respect was upon the defendant.
Neither of the instructions tendered .by the defendant, and which were refused by the court, correctly states the law applicable to this case.
The damages awarded by the verdict of the jury seem liberal, but there was evidence upon which to base the verdict, and the judgment must be affirmed.

Affirmed.